JEROME STERNSTEIN, Appellant, *v.* JOSEPH HEIT and Others, Copartners, Doing Business under the Firm Name of J. HEIT & SONS, Respondents.

First Department, January 10, 1919.

**Pleading — joinder of different causes of action on contract — when action to recover commissions in excess of amount paid upon the ground that defendants had furnished and plaintiff had accepted false statements is upon contract and not for fraud and deceit — joinder of action for commissions and action for breach of contract of employment.**

A complaint alleging a contract of employment of the plaintiff as a salesman upon a commission basis; that the defendants furnished statements of commissions and plaintiff accepted payments made upon the basis of their being true and accurate; that said statements were falsely made for the purpose of deceiving the plaintiff, and that upon the basis of true statements he would be entitled to receive a certain amount in excess of the sum paid him, states a cause of action upon contract and not for fraud and deceit, and may be joined with a cause of action for the breach of another contract of employment. .

While it is permissible to join in one complaint different causes of action on contract, they must be consistent with one another.

A cause of action based upon a contract of employment " between the 24th day of January, 1916, and the first day of July, 1917," is not inconsistent with a second cause of action alleging an employment in the early part of July, 1917, for one year from that date, and a subsequent wrongful discharge.

APPEAL by the plaintiff, Jerome Sternstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1918, sustaining defendants' demurrer to the amended complaint on the ground that several causes of action, one in fraud and deceit, and the other for breach of contract of employment, were improperly united.

*Morse S. Hirsch* of counsel [*Samuel Meyers* with him on the brief; *Morris & Samuel Meyers*, attorneys], for the appellant.

*Louis B. Brodsky*, for the respondents.

SHEARN, J.:

As a first cause of action plaintiff alleges a contract of employment as a salesman upon a commission basis; that the contract provided that plaintiff should receive from the defendants, at the end of each spring and fall season during the employment, true and accurate statements of all commissions so earned; that the defendants furnished statements and plaintiff accepted payments made upon the basis of their being true and accurate; that the statements turned out to be false and manufactured for the purpose of deceiving the plaintiff; and that upon the basis of true statements the plaintiff on his contract was entitled to receive $5,000 in excess of the amount paid to him. As the complaint alleges that plaintiff relied upon the statements, that they were false and were made with the intention of deceiving the plaintiff, all of which would be essential and pertinent in an action for fraud and deceit, defendants contend that the first cause of action is one to recover damages for fraud and deceit. This is not the case as I view the pleading. As there had been an account stated between the parties the only way in which plaintiff could recover upon his contract would be to impeach the account. Of course the account could be impeached for fraud. It was not necessary for plaintiff to wait for the defendants to plead an account stated and then reply to it, but it was good practice and proper pleading to overthrow the anticipated defense in advance, and to rely

upon the original cause of action, which but for the impeachment of the account stated plaintiff could not recover upon. The first cause of action is clearly one upon contract, to recover the agreed commissions.

The second cause of action is for the breach of a contract of employment. While it is permissible to join in one complaint different causes of action on contract, they must be consistent with one another. Defendants claim that, even if the first cause of action be one upon contract, the second cause of action is not consistent with it. The first contract of employment was " between the 24th day of January, 1916, and the first day of July, 1917." No definite period of contract was pleaded, but it was merely alleged that plaintiff was employed between those times and continued in the employment between said dates. The second cause of action alleges an employment in the early part of July, 1917, which is after the period mentioned in the first cause of action, and it alleges an employment for one year from that date and wrongful discharge in October, 1917. Clearly there is no inconsistency, and the causes of action were properly joined.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs, with leave to withdraw same and answer within ten days on payment of costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to defendants to withdraw demurrer and to answer on payment of said costs.